### CUMBERLAND COAL & COKE CO. v. GRAY.

(Circuit Court of Appeals, Sixth Circuit.   March 21, 1907.)

No. 1,610.

1. MASTER AND SERVANT—INJURY TO SERVANT—FELLOW SERVANTS—MINES AND MINERALS—TENNESSEE STATUTE.

Acts Tenn. 1903, p. 520, c. 237, regulating the operation of mines, requires the employment by the operator or owner of every mine, of a mine foreman who shall have a certificate of competency from an examining board, and who shall give his attention to the frequent inspection of the mine, and give all necessary directions for securing the health and safety of employés, and provides that he shall not be subject to the control of the owner or operator in the discharge of the duties required by the act. It further provides that no coal mine shall be operated for a period longer than 30 days without such certified mine foreman under penalty of a fine for each and every day after the expiration of such time. As construed by the Supreme Court of the state, such act relieves the owner or operator of a mine from liability for injuries to a miner caused by the negligence of the certified foreman in the performance of his duties. *Held,* that the provision permitting a mine to be operated for 30 days without a licensed foreman, without being subject to penalty, does not give an unlicensed foreman the standing of a lawful foreman under the act during the first 30 days of his employment, even though he is subsequently licensed, but that until so licensed the owner or operator is in control as before the act and his liability is not affected thereby.

2. SAME—ACTION FOR INJURY TO MINER—QUESTIONS FOR JURY.

In an action against a mine owner to recover for the death of a miner, alleged to have resulted from the negligence of defendant in failing to

keep its mine in safe condition, or to instruct the deceased, who was inexperienced, in respect to the peculiar dangers to which he was subjected, the evidence in support of such allegations *held* sufficient to require the submission of the case to the jury.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

S. B. Smith, for plaintiff in error.

T. A. Wright, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. This is an action founded upon a statute of Tennessee, giving a remedy in such cases, to recover damages sustained by the father, who is also administrator of the estate, in the death of his son, which it is alleged resulted from the negligence of the Cumberland Coal & Coke Company, which we shall herein call the "Company." There was a verdict and judgment in favor of the plaintiff for $2,500. The declaration alleged that the defendant company was a corporation, owning and operating a coal mine in Cumberland county, Tenn., in which many agents and laborers were employed, among them the deceased son of the plaintiff; and that it "was the duty of defendant to furnish plaintiff's said intestate with a safe place in which to work, to keep its mine in safe condition, instruct plaintiff's said intestate in the duties of his employment and inform him of the risks incident thereto, and have said work done under the supervision of skilled and competent agents, superintendents and foremen." Thereupon the declaration proceeds to charge that the company neglected to employ competent agents for supervision of its work and did not keep its mine in a safe condition; that on November 3, 1904, it took the plaintiff's intestate, who was young and without experience, from the work of driving a team in the mine which was free from danger and put him to work at "robbing the mine" (as the work is called) which was very hazardous, and in which he had not had experience, and did not understand the dangers; that the company failed to instruct him in regard to such dangers or how to do the work, but required him to do it in an unsafe manner which produced a dangerous and unsafe condition in the mine; that in consequence of the work being improperly done a piece of rock or slate from the roof or wall of the mine fell upon and killed him. "Robbing" a mine means taking out the pillars of ore or coal which have been left standing to support the roof while the mass is being taken out. The company filed a plea of not guilty. Upon the trial the parties produced evidence directed to the issues. At the close of the plaintiff's case, counsel for the company requested an instruction to the jury to return a verdict for that party. This the court refused, and after the taking of evidence for defendant, the request was renewed and again refused. The defendant excepted. Upon this exception the principal questions which have been presented and argued arise.

1. The first point which is urged by counsel against the judgment is this: The Legislature of Tennessee enacted a statute (Acts 1903, p.

520, c. 237), regulating the operation of mines, which required the employment by the operator of a mine, of a mine foreman who should have a certificate of competency from an examining board, and who should give his attention to the frequent inspection of the mine and of the operations going forward therein, and give all necessary directions for securing the health and safety of the employés. One of the provisions of section 20 of the chapter was:

"That said mine foreman shall not be subject to the control of the operator or owner in the discharge of the duties required of said mine foreman by this act. It shall be the duty of the mine foreman, or foremen, to see that the provisions of this section and the other duties herein defined are faithfully discharged and carried out; and in case of his or their failure to comply with such provisions, and upon conviction, he or they shall be subject to a fine of one hundred dollars each and imprisonment for a period of not less than ninety days at the discretion of the court."

It is contended that the provisions of this act deprived the company of the power of control over the operation of its mine, and therefore relieved it of responsibility for accidents occurring in such circumstances as those which existed in the present case. The principle upon which this insistence rests is no doubt sound, and is well supported by authority. This point, however, was not raised at the trial, which occurred in April, 1906. The defendant relied upon the statute of 1881 which did not contain the provision above quoted from section 20 of the act of 1903 conferring the power of control in respect to the operation of mines; and, so far as appears, the defendant did not refer to or invoke the provision of the later act. Nor was the provision referred to in the motion for a new trial subsequently entered by the defendant. Nor is the point raised by the assignment of errors filed July 11, 1906, unless it should be regarded as sufficiently assigned by the general assignment that the court erred in refusing to give a peremptory instruction to the jury to find a verdict for the defendant. In October following, the Supreme Court of Tennessee decided the case of Sale Creek Coal & Coke Co. v. Priddy, 96 S. W. 610, and therein held that, in consequence of the act of 1903, the relation "of master and servant did not exist between the mine owner and his certified foreman with reference to the duties imposed on such foreman by the statute, and that the master was therefore not liable for injuries to a miner, caused by the foreman's negligence in the performance of such duties." This ground of defense is now advanced in support of the general assignment of error in refusing the instruction asked. We cannot but think that this particular ground for the instruction was not thought of at the trial, and that it was first opened out to counsel by the decision of the Supreme Court of Tennessee in the case referred to. And we, therefore, seriously doubt whether the point was saved by the exception. In the Priddy Case, supra, the court considered the effect of the above quoted provision of the act of 1903 upon just such an exception, but whether that ground of defense was stated to the lower court, so that the ruling of the court was made in view of it, does not appear. Nor are we informed what rules the Supreme Court of Tennessee has upon the subject of exceptions and assignments of

error. As no objection of this kind is made by the defendant in error, we conclude to consider the effect of the statute upon the rights of the parties. It does not extend the control of the foreman over the discharge of all the duties which the mine owner owes to its employés. It does include the duties of inspection and the preservation of reasonably safe conditions for the work. But apparently it does not include the duty of the employer to instruct his inexperienced employés of the dangers in putting them into a kind of business or a place of work which is peculiarly hazardous; and the negligent discharge of this duty was, as we have seen, alleged in the declaration. And as there was some evidence to prove it, a verdict for the plaintiff might be rested on that ground, notwithstanding the statute. A contrary instruction would therefore have been erroneous. Moreover the foreman employed, Barnett by name, was not a licensed foreman, and therefore not such a foreman as the statute intended to intrust with such power. He had applied for a license on November 9 or 10, 1904, but it was not then granted to him, nor had it been at the time of the accident on the 23d of that month, nor did he obtain a license until the 7th day of February, following. It is true, as pointed out by counsel for the plaintiff in error, that the statute in question provides that "no coal mine shall be operated for a period longer than thirty days without such certificated mine foreman," and that "any owner, operator, or superintendent, operating a coal mine in this state for thirty days without such certificated foreman shall, upon conviction of same, be subject to a fine of $25 per day for each and every day operated without such foremen or foreman," and it is contended that a foreman without license is privileged to act as a lawful foreman during the first 30 days of his employment. But we conceive that such is not the meaning of this language. It seems to us to mean that the owner might go on with his business for 30 days with an unlicensed foreman without being subject to the obligations and the penalties prescribed by the act. Meantime he would be operating without a licensed foreman and be in control as before the act. We cannot conceive how the license granted in the February following could retroact so as to give the foreman's acts an authority which he did not theretofore possess; or how the conditions of things done in November could be affected by the license in February any more than they would be if the license had never been granted. We therefore conclude that the liability of the company was not affected by the statute.

There was evidence tending to show that the foreman negligently performed the duty of inspection. Scarcely 15 minutes had elapsed after his inspection of this room where the accident happened before the rock fell upon the deceased and killed him. Of course this would not conclusively prove negligence, but it had a tendency that way. There was other evidence of a similar tendency.

Another reason assigned in support of the assignment of error, in refusing to instruct the jury to find for the defendant, is that the father, who is plaintiff in the action and the beneficiary, was guilty of negligence in respect to the safety of his son, and was therefore

not entitled to recover. Assuming that the circumstances of this case were such that the jury might have acted upon the principle invoked, if they had found facts to justify it, yet no request was made that the court instruct the jury upon this point. We do not see any ground for a holding that as matter of law, either the deceased or the plaintiff was guilty of negligence, and the most that could be said is that the jury might have found that the plaintiff was negligent in not preventing the son from going into the room where the accident happened when he saw that a pillar supporting the roof was crushing. But how much it was crushing, or what other supports the roof might have, or what means he might at the instant have had for preventing the son, and other such questions were all for the jury to consider under proper instructions from the court in respect to the law applicable to the facts which the jury might find.

There are no other questions of any merit. And, indeed, it is only fair to say that the stress of the case was laid by counsel, in the argument, upon the question first discussed herein, namely, whether the statute of 1903, and the employment of a mine foreman, in the circumstances stated, exonerated the defendant from the charge of negligence toward the deceased.

Finding no error, we direct that the judgment be affirmed, with costs.